BENNETT ET AL. VS. DAWSON ADX. ET AL.

A demand against an estate, barred by the statute of non-claim and regularly adjudged at law to be so, cannot afterwards be successfully prosecuted to recovery in equity, either against the representatives, or the heir or distributee, to whom assets may have descended or been distributed.

All demands subsisting at the time of the death of the testator or intestate, whether matured or not, capable of being asserted in a Court of justice, whether of law or equity, must be exhibited within two years; also all coming into existence at any time after the death and before the expiration of the two years—without regard to questions of hardship, inconvenience, or diligence, unless they challenge a want of constitutionality in the operation of the non-claim statute, as applicable to a particular case. ( *Walker ad. vs. Byers*, 14 *Ark.* 247.)

*Appeal from the Hot Spring Circuit Court in Chancery.*

The Hon. THEODORIC F. SORRELS, Circuit Judge.

WATKINS & GALLAGHER for the appellants.

WILLIAMS & WILLIAMS for the appellees.

Mr. Justice SCOTT delivered the opinion of the Court.

This cause was brought here, by appeal, from the chancery side of the Hot Spring Circuit Court. It is upon a bill filed against the administratrix and heirs and distributees of Henry F. Dawson, deceased, who had, in his life time, become security of Owens and others, in an injunction bond executed by them, in a cause against the present appellants, to enjoin the collection of a judgment at law. During the progress of the injunction suit, Dawson, the security in the injunction bond, died, and letters of administration were granted upon his estate on the 2d day of December, 1850. So that the two years allowed by law for the presentation of claims against his estate, would not

OF THE STATE OF ARKANSAS. **335**

TERM, 1857.]                Bennett et al. vs. Dawson adx. et al.

expire until the 2d of December, 1852. The injunction suit was decided on the 12th of July, 1852, at which time the injunction was dissolved, and damages assessed, and it was thus ascertained that Dawson's estate had become liable on the bond. This, it will be perceived, was nearly five months before the expiration of the two years allowed by law for the presentation of claims against his estate.

On the 3d day of January, 1853, (one month *after* the expiration of the two years from the grant of letters of administration), this claim, regularly probated agreeably to the statute, was, for the first time, presented to the administratrix for allowance against the estate of her intestate, and was rejected by her. Upon which an action at law was commenced against her, in her representative character, which she defending upon the ground that the demand had not been presented to her within the two years, was finally decided in her favor by this Court, at the January term, 1854. (*Bennett et al. vs. Dawson et al.*, 15 *Ark. R.* 412.) The appellants then filed this bill in chancery, to which a demurrer was sustained in the Court below, and the suit dismissed, and they have appealed.

It is not deemed necessary to set out more minutely the allegations of the bill, further than to say that no special grounds of equitable interposition are apparently insisted upon, beyond that, that the complainants exhibited their claim to the administratrix as soon after the rendition of the decree, ascertaining the liability of the intestate, as it could be reasonably done; and that there were ample assets, either in the hands of the administratrix, or of the heirs and distributees, to satisfy this and all other demands that were against the estate.

It cannot be that a demand, that was barred by the statute of non-claim against an estate, and regularly adjudged at law to be so, as this was, can be afterwards successfully prosecuted to recovery in equity, either against the representative of the estate, or the heir or distributee, to whom assets may have descended, or been distributed.

No one can doubt the power of the legislature to enact the bar; and in its terms it cuts off " all demands not exhibited as

required by the act, before the end of two years from the granting of the letters." It is insisted that the demand in question ought not to be considered as embraced in these wide terms, because it was not a *subsisting* one, but *contingent* and *inchoate*, until within five months next before the expiration of the term of two years fixed by law for the exhibition of claims under penalty of being "forever barred;" and that two years ought to be allowed from the time of its *accrual*. Let it be considered as granted, as to the first branch of the proposition, still, was it not a clear, legal, subsisting demand against the estate from, and after its accrual, and for five months thereafter, before the expiration of the two years? And why should such a demand be exempted from presentation for two years *after* its *accrual*, when the statute of non-claim runs against *no demand* from the day of its *accrual*, but against *all demands* from the day of the *issuance of letters*.

It is true that so much of the opinion of the Court, in the case of *Walker vs. Byers*, (14 *Ark. R.* 253 *and* 259), as pronounced on the former page, and repeated on the latter, that not only demands subsisting at the time of the death of the testator or intestate, whether matured or not, capable of being asserted in a Court of justice, whether of law or equity, must be exhibited within the two years; but, also, all " coming into existence at any time after the death, and before the expiration of the two years" from an "inchoate and contingent condition," like dormant warranties, broken by eviction," were likewise embraced by the statute, was, in that case, an *obiter dictum*, as counsel now suggest; because the particular case then before the Court was not one of the *latter* kind, but was one of the *former*. Nor was the Court insensible of the peril of going beyond the record, into the consideration of doctrines, not then to be directly applied; nevertheless, the uncertainty which then prevailed as to some of these matters, and the questions then directly involved, made this course inevitable, as appears from the concluding remarks of the Court, which are as follows:

" This first view of the case at bar having made it necessary that we should examine the doctrines discussed, in order to de-

termine the two points settled, we will remark, before proceeding to the next view, as they are questions of some importance, that we have examined them with care, and have not determined them until after considering their probable consequences. And in these, we see no probable evils at all to be weighed against the manifest good to be achieved by stimulating the speedy settlement of estates in accordance with the clear spirit of our administration system, so palpably manifest."

And now, when a case has arisen, involving that point, then but hypothetically considered, and we have heard argument, the conclusion then arrived at cannot but be fully approved.

The questions of hardship, inconvenience and diligence, discussed by counsel in this case, can cut no figure in this, or any like case, unless, as intimated in this case when it was here before, on the law side of the Court, such matters were of a character to challenge the want of constitutionality in the operation of the non-claim statute, as applicable to a particular case, under the doctrines applied in the cases of *Pope exr. vs. Ashley exr.*, 13 *Ark. R.* 262, and *Riggs, Peabody & Co. vs. Martin*, 5 *Ark. R.* 506.

Finding no error in the decree of the Court below, it will be affirmed.

Hon. E. H. ENGLISH, not sitting.