## CONN *vs.* THORNTON, ADM'X.

[ACTION ON PROMISSORY NOTE.]

1. *Writing; what is a valid promissory note.*—A writing in these words: "One day after date I promise to pay, or at my death, W. G. Conn or bearer, the sum of five hundred dollars for labor done by W. G. Conn for value received, this 11th day of December, 1860. W. R. THORNTON," is a valid promissory note.

APPEAL from the Circuit Court of Russell.

Tried before Hon. LITTLEBERRY STRANGE.

The appellant, as plaintiff, in his complaint claimed "of the defendant (the appellee) as administrator of Walker R. Thornton, deceased, the sum of five hundred dollars due by promissory note made by the said decedent in his life-time in these words : "One day after date I promise to pay, or at my death, W. G. Conn or bearer, the sum of five hundred dollars for labor done by W. G. Conn, for value received, this 11th day of December, 1860," which said

sum of money is now due with interest thereon. There was a second count on an account stated.

The original, of which the recital in the complaint is an exact copy, was offered in evidence and its execution proved, but the court excluded it, at the instance of the defendant, on the ground that it was not a promissory note, and was void for uncertainty. From this ruling the appeal is taken.

L. W. MARTIN, for appellant.—1. The instrument or note which is the foundation of the suit, being set out *in hæc verba* in the first count of the complaint, that, and that alone, was admissible evidence under the first count. Whether or not the plaintiff was entitled to recover upon it, was a question that did not arise upon the introduction of the evidence.

2. The instrument offered is a promissory note, under our law and the decisions of our supreme court.—See Revised Code, § 1838; *Love v. Simmons*, 10 Ala. 113; *Plowman v. Riddle*, 7 Ala. R. 775; *Lane v. Kirkman*, Minor, 411; *Thaxton v. Edwards*, 1 Stewart, 524; *Watkins v. Canterberry*, 4 P. 415; *Armstrong v. Tate*, 8 Ala. R. 635; *Henry v. Gamble*, Minor, 15; *Irvin v. Nickols*, 5 S. & P. 189; *Goading v. Brittain*, 1 S. & P. 282. The main feature of a promissory note is its negotiability.—Story on Pro. Notes, § 41, 4th ed., and under section 1838, Revised Code, there can be no doubt as to the negotiability of the instrument offered in evidence in this case. The various instruments described in the cases above cited as "notes," are entitled to that character only from their negotiability.

3. The evidence offered was clearly admissible under the second count in the complaint.—*Gillaspie et al. v. Wesson*, 7 P. 454; *Catlin, Peeples & Co. v. Gilder's Ex'ors*, 3 A. R. 536; *Hawley v. Willis, Lang & Co.*, 5 P. 154; *Johnson v. Johnson*, Minor, 263; *Hopper v. Eiland*, 21 A. R. 714. It is certainly an acknowledgment of a sum due and a promise to pay, and there is nothing in its nature that would require it to be declared on specially.

Conn v. Thornton, Adm'r.

The following brief was submitted on the part of the appellee; but there is no joinder in error on the record, and the name of appellee's counsel does not appear either in the brief or on the docket:

1. The instrument sued on in this case is not a promissory note, because it is not a promise to pay a certain sum of money at a certain time unconditionally.—Parsons on Contracts, page 210; Story on Promissory Notes, pages · 28–32.

2. The instrument, if any thing, was a codicil to Thornton's will, it purporting to take effect after his death.—See 2 Veasey's Ch. Rep. p. 232. But is not such codicil, for want of proper execution and attestation, *supra*, and therefore void?

3. It was not an account stated, nor a promissory note; the promise being in the alternative to pay, if Thornton had been sued on it in his life-time, he could have avoided payment of the same entirely, because not due. If it was a promissory note intended, it was void for want of certainty; if a will, it was not properly executed. Neither is it an account stated, because it shows no account between the parties; neither does it show when made, or when due, nor the accounting between the parties. It is, therefore, a void instrument. The instrument sued on not specifying with certainty when due, is void for uncertainty. This principle is well settled in Story on Promissory Notes, pp. 28–32.

4. The considerations of the promise being "for work and labor done," and "for value received," renders it also void for want of consideration as well as for uncertainty. See Story on Prom. Notes, pp. 200–5.

5. Neither could the instrument be offered in evidence under the second count, because of its uncertainty. There must be a specified time when the balance is struck between the parties, or the demand estimated and the balance ascertained, as well as a specified time when said balance is due. This instrument shows neither, and is, therefore, void, and not proper evidence to go before the jury as evidence.

B. F. SAFFOLD, J.—Of the essential elements of a promissory note, one is, certainly, as to the time of payment. Here, the rule that what can be made certain is certain, is permitted to operate. A note payable within a limited time after a man's death, is sufficiently certain as to the time of payment, because an event must occur which will make this definite.—1 Pars. on Notes and Bills, pp. 40, 38, 39. A written promise to pay a certain sum of money at the death of a party to the instrument, or at a limited time after the death of such a party, or of a third person, is a valid promissory note; because it must inevitably become due at some future time, since all men must die, although the exact period is uncertain.—Story on Prom. Notes, § 27.

The judgment is reversed, and the cause remanded.