## PATTERSON V. McCANN.

TRUSTEE: *Administrator is, etc.: Non-claim.*

An administrator is a trustee for the parties interested in his intestate's estate, but upon his death his indebtedness to the trust becomes a simple claim against his estate, to be authenticated, allowed, classed and paid out of his assets as other demands, and must be exhibited within the period of the statute of non-claim.

APPEAL from *Jefferson* County, in Chancery.

Hon. X. J. PINDALL, Circuit Judge.

*Martin & Taylor*, for appellant:

Gabriel Calliotte having received $3,474, which was more than his legal or equitable share of his father's estate, had no such right to partition as a court of equity would recognize, and his heirs having come into a court of equity, the Chancellor should have required him to do equity, and charged his interest with the debt, etc. *5 Cranch, 328; Sec. 153 Gantt's Digest; 31 Ark., 235; 14 ib., 246; 15 ib., 412; Freeman on Cotenancy, sec. 505; 3 Nev., 535; 12 Ark., 414; 18 Ark., 334; Story Eq. Jur., 1060, et seq., and sec. 1246.*

In none of the decisions of this court, holding that a debt not presented within two years from grant of letters is barred, does this court hold that such claims can not be enforced against the heir or devisee to the extent of assets descended, but simply say they can not be enforced against the executor or administrator. *12 Ark., 414; 31 Ark., 234; Story Eq. Jur., secs. 1060, et seq., and 1246.*

*McCain & Crawford*, for appellees:

The claim against the estate of Gabriel Calliotte, not hav-

37

ing been presented for allowance within two years, is barred.

SMITH, J.   Jacob Calliotte died intestate in 1862, seized and possessed of a plantation supposed to have been worth about $5,000,,and of personalty, which was appraised to the value of $4,488.   He left five children, viz:   Gabriel Calliotte, Mrs. Patterson and three others.   By inheritance, purchase and devise, Mrs. Patterson acquired the whole estate except the share of Gabriel.   And, in 1872, she took possession of the plantation.   Gabriel had administered upon his father's estate, and in 1868, shortly before his death, had filed in the Probate Court his account current with the estate, showing himself indebted in the sum of $3,474.76.   In a note to this account he explains that a part of this apparent indebtedness arose from the personal property of his intestate, with the whole of which he had charged himself, but considerable amounts had been purchased by the other distributees at administrator's sale, and payment had not been exacted, as those matters could be adjusted in the final settlement and distribution of the estate.

By will, Gabriel left his estate to his wife, with remainder to his children.   His widow qualified as executrix, and kept her administration open for two years, during which time no demands, as it appears, were proved against the estate of her testator.

The devisees of Gabriel filed their bill for partition against Mrs. Patterson, praying that his undivided one-fifth share in the lands of his father. might be allotted in severalty to them.   The defense was, that Gabriel had died indebted to the estate, and that in his lifetime he, as administrator, had received proceeds of personal property and rents and profits of lands to an amount more than

equal to his distributive share. Hence, his representatives have no equitable right to a partition, or at all events his debt ought to be charged on his interest in the land, as an equity superior to that of the plaintiffs in the assets devised to them.

The Circuit Court decreed a partition according to the prayer of the bill.

We do not pause to consider whether the counter-claim set up is such an equity as arises out of the relations of the parties to the common property, and therefore capable of adjustment in a partition suit. We also pretermit the question whether Mrs. Patterson can sue for the deficit in Gabriel's accounts, even to the extent of using it in defending against the claims of his devisees, without administration taken upon Jacob's estate.

Was the debt of Gabriel to his father's estate barred by the statute of non-claim, which requires all demands against the estate of a decedent to be exhibited within two years from the grant of letters?

This point is virtually settled by *Bennett v. Dawson, 18 Ark.; 334.* There it was decided that all claims subsisting at the death of an intestate, whether matured or running to certain maturity, capable of being asserted in a court of law or equity, as well as all coming into existence at any time after the death and before the expiration of the two years, are subject to the operation of this statute; and further, that a claim so barred, as against the estate, can not afterwards be successfully prosecuted to recovery in equity against the heirs or distributees to whom assets have descended.

*Statute of non-claim.*

Gabriel Calliotte was a trustee for the persons interested in his father's estate. But, upon his death, his indebtedness to the trust became a simple claim against his estate, to be authenticated, allowed, classed and paid out of his

*Administrator is trustee, etc.*

assets as other demands. *Halliburton v. Fletcher, 22 Ark., 453; Hill v. State, 23 ib., 604.*

The claim not having been exhibited to the administrator, the persons beneficially interested therein have lost all remedy against Gabriel's estate, and must look to his administration bond.

Affirmed.