## PADGETT V. STATE, USE OF COLEMAN.

1.  STATUTE OF LIMITATIONS:   *On guardian's bond.*
    The Statute of Limitations does not begin to run in favor of a surety on a deceased guardian's bond until there is a final settlement of the guardian's accounts in the probate court, and an order to pay over the balance due the ward.

2.  STATUTE OF NON-CLAIM;   *Infants subject to.*
    The claim of a ward against his deceased guardian must be presented to his administrator within two years after his qualification or it will be forever barred, whether there has been a settlement of the guardianship in the probate court or not. Infants are not excepted from the operation of the Statute of Non-Claim.

APPEAL from *Independence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*W. B. Padgett,* pro se.

1.    There is no breach of the bond alleged.    Because the action of the probate court, through A. J. Young as the next friend of said minor, Ladd, requiring said W. B. Padgett, as administrator of said John J. Palmer, deceased, was null and void, as said A. J. Young was not the successor in office to said Palmer, as required by the bond. Hence the probate court had no jurisdiction to cite said administrator to appear to answer the demand of Young as next friend, nor any legal authority to render judgment thereon. *34 Ark., 144; 33 Ark., 425; 35 Ark., 93.*

2.    At the death of Palmer, as guardian of said Ladd, it was the duty of the court to appoint him a successor; or at Ladd's becoming fourteen years old, which was long prior to the action of Young as his next friend, to have selected a successor to Palmer, who would be authorized under the terms of the bond to have required this defendant to settle. *Sec. 3475*

*Mansf. Dig.*, and records of case in complaint; *33 Ark., 658; 35 Ark., 93.*

3.   The claim under the bond became a debt against John J. Palmer's estate at his death in 1875, and should have been presented to this defendant, duly authenticated, within two years from grant of letters, and not being so presented was barred by the Statute of Non-Claim.   *Sec. 96 Mansf. Dig.; 17 Ark., 533; 18 Ark., 334; 33 Id., 658; Purcelly v. Carter, ante, 299, and cases cited.*

4.   The judgment, or rather order, of the probate court is an alternative or conditional one.   And one upon which an attachment might issue.   But not such a finality as would warrant an appeal, or would authorize the institution of this suit.   *Mansf. Dig., 8528, 3534.*

5.   If it is conceded that the action of the probate court is valid and binding, through A. J. Young as next friend of Ladd, then Young is the proper party to this suit and not H. S. Coleman.

6.   More than two years having elapsed after the action of the probate court, through Young as next friend of Ladd, the claim is barred by limitation.   *33 Ark., 658; Mansf. Dig., 4482.*

7.   More than eight years having elapsed after the death of Palmer, and the appointment of this defendant as his administrator, before the institution of this suit, the claim is barred by limitation.   *33 Ark., 658; Mansf. Dig., 4482, 4488.*

8.   More than ten years having elapsed after the signing of the bond, and before suit brought, the action is barred by limitation.   *33 Ark., 658; Mansf. Dig., 4482, 4488.*

*H. S. Coleman* for Appellee.

The "court of probate" being a constitutional court, of exclusive original jurisdiction in matters relative to "administrators,

guardians," etc., its judgment upon the subject matter of this action was *conclusive*, and could not be attacked collaterally. *Art. VII, Sec. 34, Constitution of Ark.; Montgomery and wife v. Johnson, et al., 31 Ark., 74; Carter v. Engles, 33 Ark., 205.*

This being an action to recover a *trust* fund, belonging to a *minor*, no plea of limitation could have prevailed, even if it had been interposed in apt time and in the proper court. The judgment of the court of probate, upon which this action was founded, was not barred by *any* limitation known to our laws.

We are unable to say what the court might have held, as to the liability of the *estate* of the former guardian, if the defendant, as *administrator*, had filed a *separate* plea of non-claim, but the failure to present the claim to the defendant, as administrator of the deceased guardian, did not release the defendant as *security* on the deceased guardian's bond. See *Ashby, et al., v. Johnston, et al., 23 Ark., 163, and authorities therein cited.*

The defendant having elected to file a *joint* plea of non-claim, which was clearly bad as to his liability as security on the bond (see authorities just cited), the plaintiff's demurrer to it was properly sustained. A plea bad in part is bad in all. See *Chitty's Pleading, Vol. I, p. 146.*

If the judgment against the *estate* of Palmer is erroneous, which, under the pleadings, we do not admit, it is clearly right against the defendant, personally, as security on the bond. See *Gantt's Dig., Sec. 4701; Brugman, et al., v. McGuire, et al., 32 Ark., 733.*

In bringing this action, *as guardian*, appellee relied upon *Secs. 4472 and 4491, Gantt's Dig.* If *Turner v. Alexander, 41 Ark., p. 254,* had been published at the time, appellee would most certainly have conformed to the suggestion of this court, and brought the suit in the name of the *ward*.

31——45

Padgett v. State, use of Coleman.

1. STATUTE OF
LIMITATIONS:
On guardian's
bond.

SMITH, J.  This was an action by the guardian of a minor on the bond of his predecessor in the trust; the defendant, Padgett, being sued both in his individual capacity as surety on the bond and also as administrator of the deceased guardian. The breach assigned was that the accounts of the former guardian had been settled by the probate court, a balance struck in favor of the ward, and an order to pay over, which had not been complied with after demand made.  The first guardian had died, in the year 1875, and the probate court had not adjusted his accounts until 1882, and the action then taken was at the instance of the minor's stepfather, acting as next friend, the minor then being without a legal guardian.  Padgett was duly notified of the proposed adjustment, and was present in court; but declined to take any part in the proceedings. The probate court fixed the amount of the guardian's indebtedness by taking as a basis the balance shown against himself in his last settlement, filed the year before his death, and as it did not appear that any expenditures on the ward's account had since been made, computing interest thereon at the rate of six per cent. per annum.

The defenses were:  1.  That Padgett had been appointed administrator of the deceased guardian in 1875, and this claim had not been exhibited, or proved against the estate, within two years thereafter.  2, 3, 4 and 5.  The lapse of more than two years since the adjustment of the late guardian's accounts, and the lapse of more than five and eight years, respectively, since the qualification of his personal representative, and the lapse of more than ten years since the execution of the bond sued on, before the commencement of this action.  6.  The probate court could not be moved to adjust the guardian's accounts by the minor's next friend.

These several pleas were adjudged to be insufficient upon demurrer, and the defendant declining to plead further, final

Padgett v. State, use of Coleman.

judgment went against him, both in his representative and in his individual character.

Considered as defenses in exoneration of the surety, all of the pleas tender immaterial issues. The claim against the estate of the deceased obligor may have been barred by the statute of non-claim, and yet the liability of the surety may have remained intact. *Ashby v. Johnston, 23 Ark., 163.* So it is of no manner of consequence how many years had elapsed since the giving of the bond, or since the death of the principal obligor, or the qualification of his administrator. The statute did not begin to run until the final settlement of the guardian's accounts and an order to pay over the balance due. *Sebastian v. Bryan, 21 Ark., 447; Norton v. Miller, 25 Id., 109; Connelly v. Weatherly, 33 Id., 658; Vance v. Beattie, 35 Id., 93.*

As but little more than two years had passed since the probate court had settled the accounts, it is evident that the action against the surety was not barred.

It was the duty of Padgett, as administrator, to make settlement with the probate court of the unsettled guardianship. And the performance of this duty might have been coerced by rule and attachment. Or the probate court might, as it did, after due notice to him, proceed itself to state the account from its own records and any other legitimate evidence it could obtain.

But the first plea presents a good defense, considered with sole reference to the administrator of the deceased guardian. The Statute of Non-Claim imperatively requires all demands, of whatsoever nature, against the estate of a decedent, to be exhibited to the administrator before the end of two years from the grant of letters, under pain of being forever barred. There is no reservation in favor of infants. Consequently the claim of a ward must be presented within two years, whether there has been a final settlement of the guardianship or not. *Hill v. State, 23 Ark., 612, 614; Connelly v. Weatherly, 33 Id., 658;*

2 STATUTE OF NON-Claim:— Infants bound by.

*Morgan v. Hamlet, 113 U. S., 449; Patterson v. McCann, 39 Ark., 577; Purcelly v. Carter, ante, 299.*

The judgment against Padgett, as surety, is affirmed, but as against Padgett, as administrator, it is reversed, and cause remanded, with directions to overrule the demurrer to the first plea, and to proceed in conformity to this opinion.