## CRIDER v. SHELBY.

(Circuit Court, D. Indiana. July 1, 1899.)

### No. 9,715.

1. PROMISSORY NOTES—VALIDITY—NOTE PAYABLE AFTER DEATH OF MAKER.
    An instrument in the form of an ordinary promissory note is not testamentary in character, nor is it rendered invalid as a note because the date of payment is a specified length of time after the death of the maker.

2. JURISDICTION OF FEDERAL COURTS—SUITS AGAINST ESTATES OF DECEDENTS—STATE STATUTES.
    The courts of the United States have jurisdiction to entertain suits on claims against estates of decedents, brought against the executor or administrator, where the amount in controversy is sufficient, and the requisite diversity of citizenship appears; and such jurisdiction cannot be affected by a state statute requiring claims to be filed in a particular court.[1]

On Demurrer to Complaint.

Jaques & Jaques and Edenharter & Mull, for plaintiff.
Burke & Warrum, for defendants.

BAKER, District Judge. This is an action at law, brought by the plaintiff, a citizen of the state of Iowa, against Samuel N. Shelby, special administrator of the estate of Noble Warrum, deceased, a citizen of the state of Indiana, upon an instrument in writing in the words and figures following:

"Ottumwa, Iowa, Sept. 22, 1873.

"Sixty days after my death I bind myself by these presents to pay to Mary E. Crider, wife of John J. Crider, the sum of eighteen thousand and five hundred dollars, with six per cent. interest after January 1st, 1880. Said amount I hereby direct my administrators and executors to pay in good current money of the United States. For value received.

"Witness my hand and seal, day and date above written.
"Attest:  W. S. English.                          Noble Warrum.
        "Joseph Gray."

The defendant has filed a demurrer to the complaint for want of facts, and in argument assigns two grounds why the complaint should be adjudged insufficient.

[1] As to jurisdiction of federal courts in probate matters, see note to Barling v. Bank, 1 C. C. A. 513.

It is first contended that the instrument is not a promissory note, but is an attempt to make a testamentary disposition of property, and is destitute of legal efficacy as the foundation of a cause of action. I cannot concur in this view. There is no attempt to make a testamentary disposition of property, for the instrument contains no provisions resembling those of a will. It is an absolute promise to pay money. It differs from an ordinary promissory note in the single particular that it fixes the time of payment at a period subsequent to the promisor's death. It is nevertheless a promise to pay money absolutely, and at all events, to a person named, and at a time certain, because that is certain which may be rendered certain; and it has, therefore, every essential feature of a promissory note. All the modern authorities agree that such instruments as the one in question are to be deemed promissory notes of the persons by whom they are executed. The text writers and adjudications supporting this view are too numerous for citation.

It is next insisted that the demurrer ought to be sustained because this court is without jurisdiction for the reason that the statute of this state requires that all claims against the estates of decedents shall be filed with the clerk of the court having jurisdiction of the administration of the estate. This proposition has been often asserted, and has been as often denied by the courts of the United States. It is firmly settled by the decisions of this court, as well as by the decisions of the supreme court of the United States, that the jurisdiction of the courts of the United States cannot be impaired by the laws of the states which prescribe particular modes of redress in their courts, or which regulate the distribution of judicial power. The question here made was made in the cases of Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, and Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, and was decided adversely to the party assailing the jurisdiction of the courts of the United States. In each case it was decided that the courts of the United States had jurisdiction to entertain suits upon claims against the estates of decedents brought against executors and administrators, where the requisite diversity of citizenship existed, and the amount in controversy was sufficient to give the court jurisdiction.

For the foregoing reasons, the demurrer to the complaint must be overruled, to which the defendant excepts.