(59 App. Div. 485.)

RANDALL v. GRANT.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

1. BILLS AND NOTES—INTEREST.
    A note payable one year after the maker's death draws interest from the expiration of one year from his death, and not from the date of his death.

2. SAME—LIMITATION OF ACTIONS.
    The right to sue on a note payable one year after the maker's death does not accrue until one year after his death.

3. SAME—EVIDENCE—SUFFICIENCY—CONSIDERATION.
    Frequent recognition of a note, drawn by the maker himself, as a valid obligation, constitutes a sufficient admission of indebtedness on his part to justify a finding that there was a consideration.

Appeal from special term, Wayne county.

Action by Florence E. Randall against Alice E. Grant, executrix, etc. From a judgment for plaintiff, defendant appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

E. K. Burnham, for appellant.
Chas. McLouth, for respondent.

WILLIAMS, J. The action was brought to recover the balance unpaid upon a promissory note made by the appellant's testator. The defenses interposed were want of consideration and the statute of limitations. The court decided there was a consideration for the note, and that a recovery thereon was not barred by the statute of limitations. The note drew interest only from the expiration of one year

from the death of the maker. The court allowed interest from the date of the death. One year's interest was, therefore, improperly allowed in the amount of recovery, and to this extent the judgment must be modified and reduced; otherwise, the judgment is correct, and should be affirmed.

The note read as follows:

"Newark, June the 27, 1874.

"For value received I promise to have paid out of my property one thousand and fifty dollars after my death, if not paid before, to Florence E. Randall; now if this is not paid within six years it is to be renewed, if brought to me, if not renewed by me it is collectible, but if I shall see fit to renew it, it shall be renewed without interest as often as I shall see fit up to my death, then the amount must be paid out of my property within one year thereafter.

"[Signed] James Bridger."

Bridger was appellant's testator. He drew the note himself. It is peculiar in form in some respects, but there can be no doubt it contains an agreement to pay the respondent $1,050 within one year after his death, without interest, unless paid, or except so far as paid during his lifetime. The money was not due, and no action to recover the same could be maintained until the expiration of one year after his death, which occurred April 3, 1896. This being so, the statute of limitations was no defense to the present action.

The only question remaining is whether the court correctly decided that there was a consideration for the note. It is unnecessary for us to recite or discuss the evidence as to consideration given on the trial. The facts found by the court from the evidence, and decided to constitute such consideration, are fully set out in the decision. We need only state briefly that about 1862 one Andrews Rhinehart, of Newark, died, leaving a widow and three children, and leaving real property, of which he was in possession under a contract to purchase. In September, 1863, James Bridger, the maker of the note, married this widow, and thereafter he, with his daughter, lived with the widow of Rhinehart and her three children as one family. In 1863, Bridger paid up the contract for the Rhinehart property, and took the title in his own name. Some payments had been made upon the contract before Rhinehart's death, and the widow kept up the payments thereon until Bridger took title to the property. Bridger built a large brick block upon the property, and the family of six persons lived therein until 1873, when the respondent married, and removed to a place near by. The remaining five members of the family continued to live in the brick block until Mrs. Bridger died, in May, 1874. In June, 1874, Bridger had the three Rhinehart children at his house, and there gave each one a note like the one in suit, except that the respondent's note was for $50 more than the others. The $50 was included in the note in suit as an amount he owed the respondent for services. The trial court found from the evidence that the consideration of this note as to the $1,000 was the interest of the respondent in the property upon which the brick block was constructed, and which was held under contract by her father at his death in 1862. We see no reason to disagree with the trial court upon this question. The note was drawn by Bridger himself, was voluntarily given, and was thereafter recognized by him frequently as a valid agreement,

up to the time of his death, in April, 1896. He made indorsements of renewal thereon, and of moneys paid to respondent by him, on each occasion asking for the note, and, after making the indorsement, voluntarily returning the same to the respondent. He knew better than any one else what respondent's interest in the property was, and what honestly and fairly he ought to pay her. The fixing in of the amount, the giving of the note, and the recognition thereof during his lifetime constituted a sufficient admission of indebtedness on his part to base the finding of consideration upon as made by the trial court.

For the reasons hereinbefore stated, the judgment appealed from should be modified by deducting the one year's interest improperly allowed upon the note, and, as so modified, affirmed, without costs of this appeal to either party.

So ordered. All concur.