## STEWART *v.* THOMASSON.

### Opinion delivered February 28, 1910.

1. ADMINISTRATION—STATUTE OF NONCLAIMS.—Under Kirby's Digest, § 110, providing that "all claims not exhibited to the executor or administrator, as required by this act, before the end of two years from the granting of the letters shall be forever barred," all claims or demands which run to certain maturity, although not yet payable, are barred at the end of two years from the granting of letters upon the estate of a decedent. (Page 62.)

2. SAME—BARRED CLAIM—LIABILITY OF HEIRS.—A claim barred by the statute of nonclaims cannot be successfully prosecuted in equity either against the representative of the estate or against the heir or distributee to whom assets may have descended or been distributed. (Page 63.)

3. SAME—BINDING EFFECT OF STATUTE OF NONCLAIMS.—The statute of nonclaims is binding upon infants as well as adults. (Page 64.)

Appeal from Clark Chancery Court; *James D. Shaver*, Chancellor; reversed.

*John H. Crawford*, for appellants.

1. Appellees' claim is barred by the statute of nonclaims, the same not having been presented to T. J. Stewart's administrator for allowance and classification within two years as re-

quired by the statute. Kirby's Dig. § § 113, 114; 39 Ark. 577, syllabus; 23 Ark. 604; 45 Ark. 299, 302-3; 49 Ark. 76, 82; 54 Ark. 33; 61 Ark. 528, 548; 66 Ark. 327, 330; 187 U. S. 211; 14 Ark. 246; 18 Ark. 334, syllabus; 113 U. S. 449, syllabus; 33 Ark. 658; 45 Ark. 495; 15 Ark. 412.

2. This was not a contingent or inchoate claim. The trust estate was created in distinct terms by the will and codicil, and was capable of being asserted in a court of justice. Because one of the beneficiaries was under age did not make it a contingent claim, but only postponed the right of distribution. 14 Ark. 246; 18 Ark. 334; 31 Ark. 229; 32 Ark. 714, 716; 40 Ark. 433; 53 Ark. 291; 74 Ark. 521, 527; 78 Ark. 531, 534; 85 Ark. 144, 154.

*Sain & Sain,* for appellees.

During Mary A. Thomasson's life, the claim could not have been presented to T. J. Stewart's administrator while any of her children were minors. It could not have been presented to such administrator because the amount was unknown, and it would have required a court having jurisdiction to ascertain the amount they were entitled to recover. It was an immature claim until the youngest child reached his majority. It was not such a claim as the statute requires to be presented to the administrator within two years after his appointment. 9 Ark. 412; 12 Ark. 593; 8 Am. & Eng. Enc. of L. (2 ed.) 1079; *Id.* 1066; 14 Ark. 246; 63 Ark. 218. The youngest child reached his majority more than two years after T. J. Stewart's administrator was appointed. There is no evidence that the administration was not closed at the time the intervention was filed. The administrator is required to make final settlement within three years from the date of his letters. Kirby's Dig. § 244. And officers are presumed to have performed their sworn duties. 24 Ark. 431; 76 Ark. 450; 82 Ark. 31; 84 Ark. 1.

McCULLOCH, C. J. David Stewart died in the year 1875, leaving an estate in Clark County, Arkansas, consisting of lands and personalty, which he devised and bequeathed in equal shares to his wife and seven children, after making specific bequest of a sum of money and certain articles to his wife. His son, T. J. Stewart, and son-in-law, E. G. Wilder were named as executors of the will. He added a codicil to his will directing

that the share of his daughter, Mary A. Thomasson, should be safely invested by the executors of the will, and the income therefrom, or so much thereof as she should demand, be annually paid to her during her lifetime, and that after her death said share, with the unexpended accumulation, should be equally divided between her children and paid to them as they come of age—three-fifths of the estimated amount to be paid to them severally as they come of age, and the remainder when the youngest came of age.

T. J. Stewart and E. G. Wilder qualified as executors, and took charge of the estate. They filed a settlement account in the probate court on April 10, 1880, showing that they had distributed to each of the legatees the sum of $240.71, and invested the share of Mary A. Thomasson in accordance with the provisions of the will. The last settlement account filed October 18, 1899, which was confirmed by the court, shows that they had on hand belonging to the estate of David Stewart the sum of $2,285.58. No other settlement was ever filed, the administration of the estate was not closed, and no distribution of said sum shown by the last settlement to be in the hands of the executors was ever made. Nothing was ever paid to Mary A. Thomasson.

T. J. Stewart died in 1904, and John. H. Crawford was appointed administrator of his estate. After the expiration of the time allowed by statute for proving claims against the estate of T. J. Stewart, Mrs. Thomasson instituted proceedings in equity against the two children and heirs of said T. J. Stewart to subject lands descended to them from said T. J. Stewart to the payment of the distributive share of Mrs. Thomasson in the estate of David Stewart which had come into the hands of said executors, and for which they had never accounted. The two-year statute of nonclaims was pleaded in bar of the right to enforce said demand. Mrs. Thomasson died while the cause was pending below, and it was revived in the name of a special administrator. The court rendered a decree subjecting the lands to the payment of said claim in the sum of $603.75, and an appeal was prosecuted to this court.

In the case of *Walker* v. *Byers,* 14 Ark. 246, Mr. Justice SCOTT delivered an exhaustive opinion construing the statute

of nonclaims and defining its relation to other statutes of limitation. That was a case where one member of a dissolved copartnership sued a co-partner and the administrator of another deceased co-partner for an accounting of funds and property which came to the hands of the latter two for the purpose of winding up the partnership. The court decided that such a claim must be authenticated and exhibited within the period of the statute of nonclaims, and overruled two former decisions, *Burton* v. *Lockert,* 9 Ark. 412, and *Allen* v. *Byers,* 12 Ark. 593. The following general rule, which has ever since been steadily adhered to by this court, was there laid down: "The claims and demands which the statute contemplates shall be exhibited to the executor or administrator in the manner provided by the statute before the end of two years from the granting of letters, on pain of being forever barred, are all claims capable of being asserted in any court of justice, either of law or equity, existing either at the time of the death of the deceased, or coming into existence at any time after the death, and before the expiration of the two years—including, of course, all claims or demands, running to certain maturity, although not yet payable, to be adjusted presently upon equitable principles of discount according to the rate of interest when matured, or to be provided for at the day of maturity without discount, and excluding such claims only as might be inchoate and contingent, like that in the case of *Burton* v. *Lockert,* 9 Ark. 412, and like dormant warranties, broken by eviction after the expiration of the two years."

In *Bennett* v. *Dawson,* 18 Ark. 334, Judge SCOTT, again speaking for the court, reiterated the rule laid down in *Walker* v. *Byers, supra,* and held that a claim barred by the statute of nonclaim could not be "successfully prosecuted in equity, either against the representative of the estate or the heir or distributee to whom assets may have descended or been distributed."

In *Hill* v. *State,* 23 Ark. 604, Chief Justice ENGLISH speaking for the court, it was held that (quoting syllabus) "as upon the death of a trustee he ceases to be such, and as to him the trust is no longer continued, his indebtedness to the trust becomes a demand against his estate, to be authenticated, allowed

classed and paid out of the assets of his estate, as other demands." ·

The case of *Patterson* v. *McCann*, 39 Ark. 577, was very similar to the present one, it being a suit in equity by one of the distributees of an estate against the heirs of a deceased administrator to enforce payment of a claim for assets of the estate unaccounted for. The court held that the claim was barred and said: "Gabriel Calliotte (the administrator) was a trustee for the persons interested in his father's estate. But, upon his death, his indebtedness to the trust became a simple claim against his estate, to be authenticated, allowed, classed and paid out of his assets as other demands."

*Purcelly* v. *Carter*, 45 Ark. 299, was a suit by legatees to establish their claim against the estate of a deceased executor, and the court again held that such a claim must be exhibited in the manner and within the period prescribed by the statute.

The Supreme Court of the United States in a similar case held that the Arkansas statute of nonclaims applied. *Morgan* v. *Hamlet*, 113 U. S. 449.

In other cases it has been held that the claim of a ward against his deceased guardian must be presented to his administrator within two years after qualification, whether there has been a settlement of the guardianship in the probate court or not, and that infant wards are not excepted from the operation of the statute. *Connelly* v. *Weatherly*, 33 Ark. 658; *Padgett* v. *State*, 45 Ark. 495.

Counsel for appellee contend that the case falls within the exception as to claims which are "inchoate and contingent * * * like dormant warranties, broken by eviction after the expiration of the two years," and they rely on the fact that the children of Mrs. Thomasson were not of age during the time allowed for presentation of claims against the estate of T. J. Stewart. As we have already shown, by authority of previous decisions, the statute applies alike to infants and to adults. According to the provisions of the last will of David Stewart, the share of Mary A. Thomasson could not be divided between her children until after her death, which did not occur until after the institution of the present suit. Still, the executors of David Stewart were trustees for Mrs. Thomasson and her children, and upon

the death of either of said executors the claim of Mrs. Thomasson and her children became one capable of assertion in a court of justice against the estate of such deceased executor. Their claim was not any less capable of assertion then than at the time of the commencement of the present suit. It was not inchoate or contingent. Inasmuch as the claim against the estate of T. J. Stewart was barred, no action could be maintained against his heirs to subject the lands which descended to them to the payment of the claim. *Bennett* v. *Dawson, supra; Turner* v. *Risor,* 54 Ark. 33.

Reversed and remanded with directions to enter a decree· in accordance with this opinion.