SIMON v. PINE BLUFF TRUST COMPANY.

Opinion delivered June 26, 1911.

1.  ADMINISTRATION—ALLOWANCE OF CLAIM PAYABLE AFTER DEATH.—A note in writing whereby the maker agrees to pay to the payee a sum certain "out of my estate after death, and hereby bind my executor to pay the above sum at once after my funeral expenses and debts, if any, are paid," is a promissory note which becomes due upon the maker's death, and should be allowed by the administrator. (Page 527.)

2.  BILLS AND NOTES—CERTAINTY.—A note which stipulates for the payment of a sum named to a certain person after the maker's death is a promissory note. (Page 527.)

3.  ADMINISTRATION—WHEN CLAIM NOT CONTINGENT.—A stipulation in a promissory note that same shall be paid "at once after my funeral expenses and debts, if any, are paid,'" does not render contingent or uncertain the time of its payment, but at most shows an intention to postpone payment until all his other debts have been paid. (Page 528.)

4.  SAME—CLASSIFICATION OF CLAIMS.—A stipulation in a promissory note that the note should be paid "at once after my funeral expenses and debts, if any, are paid," is not void as in conflict with the statute (Kirby's Dig., § 110), which requires all demands against estates to be divided into classes and paid in the order in which they are classed. (Page 528.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

STATEMENT BY THE COURT.

The following note was duly exhibited to the Pine Bluff Trust Company, administrator of the estate of Wiley Jones,

deceased, as a demand against his estate after the end of one year from the grant of letters of administration thereon.

"$10,000.00                    Pine Bluff, Ark., Sept. 15, 1885.

"For value received, I promise to pay to Miss Henrietta Simon, her heirs or assigns, the sum of ten thousand dollars, ($10,000), cash out of my estate after death, and hereby bind my executor to pay the above sum at once after my funeral expenses and debts, if any, are paid, and under no circumstances cause any delay or trouble to her.

"Wiley Jones."

The claim was properly verified by the affidavit of Julia Simon, who made the claim as the devisee under the will of Henrietta Simon, deceased, and as owner of the note presented.

The administrator disallowed the claim, and waived notice, and it was duly presented to the probate court for allowance and classification. That court found that the note was executed by Wiley Jones during his lifetime, but by its terms was not payable until after his death, and not then until all of his debts had been paid, and held that the claim was not provable against the estate and disallowed it. An appeal was granted to the circuit court, and a demurrer or plea to the jurisdiction filed, in which it was alleged that the probate court of Jefferson County had no jurisdiction to allow or classify the note sued on as a claim against the estate of Wiley Jones, deceased, and that no jurisdiction upon appeal from its order was acquired by the circuit court. It sustained the plea and dismissed the appeal for the want of jurisdiction. To this judgment appellant excepted, and from it appealed to this court.

*J. W. Crawford, M. L. Altheimer, N. J. Gantt, Jr.,* and *P. W. Haberman,* for appellant.

1. The court erred in holding that the claim was a contingent one, and that the probate court had no jurisdiction of it. A contingent claim, in the sense used here, is one for which the estate may or may not be liable according as some future event may or may not happen. 97 Cal. 467, 31 Pac. 554; 19 Vt. 399, 402; 77 Wis. 108, 45 N. W. 955, 956; 85 Minn. 134, 88 N. W. 439, 440; 32 Me. 460, 463; 172 Mo. 28, 78 S. W. 542,

545; 78 Ala. 130, 133; 58 Ala. 25, 32; 53 Vt. 524, 525; 52 Neb. 532, 72 N. W. 848; 61 Minn. 361, 63 N. W. 1069; 66 Minn. 246, 68 N. W. 1063; 53 Vt. 408; 37 Vt. 320; 26 Utah 105, 72 Pac. 334.

2. Even if the claim is contingent, it should be presented to, and be passed upon by, the probate court. Art. 7, § 34, Const. Ark.; 33 Ark. 727; *Id.* 575; *Id.* 658; 40 Ark. 433; 50 Ark. 34; Kirby's Dig. §§ 1340, 125, 127; 34 Ark. 63; *Id.* 117; 36 Ark. 383; *Id.* 529; 43 Ark. 171; 47 Ark. 222; 22 Ark. 572; 25 Ark. 420; 48 Ark. 544; 49 Ark. 51; 51 Ark. 361; 64 Ark. 355; 74 Ark. 526; 84 Ark. 92; 2 Woerner, Am. Law of Administration, 818; 14 Ark. 246; 51 Ark. 75.

3. The instrument sued upon is a promissory note, because it has the four certainties going to make up a promissory note, viz.: it is certain as to the payor, certain as to the payee, certain as to the amount, and certain as to the time of payment. An instrument payable at death or within a given time thereafter is as certain as one payable upon a designated date. 43 N. E. (Ill.) 608; 89 Mo. App. 384; 67 N. H. 367, 29 Atl. 845; 177 Ill. 280; 42 L. R. A. 797; 52 N. E. 432; 19 Conn. 7; 13 Ill. App. 280; 81 Ind. 567; 59 N. Y. App. Div. 485; 4 Monroe 445; 47 Mich. 241, 10 N. W. 355; 77 Hun 14, 28 N. Y. S. 273; 83 Hun 174; 95 Fed. 212 (Ind.); 28 N. E. (Ind.) 1004; *Id.* 1009; 154 Mass. 454; 14 L. R. A. 860, 28 N. E. 578; 127 N. Y. 92, 12 L. R. A. 845; 10 Mass. 427; 46 Ala. 587; 161 Pa. St. 215; 11 Richardson's L. Rep. (S. C.) 125; 10 Adolphus & Ellis 222; 2 Strange 217.

4. Under the statute the instrument is provable against the estate. 18 Ark. 334; 2 Williams on Executors, 17th Am. Ed. 238; 18 Cyc. 456-7; 22 Fla. 178, 190; 49 Conn. 251; Ia. 469; 78 Ill. App. 158; 50 N. Y. 545; 72 Minn. 232.

*W. F. Coleman,* for appellee.

The probate court is not the proper forum in which to adjudicate a contingent claim dependent upon an event that may never happen. The reason for the rule is the speedy settlement of estates, and is the outcome of a wise policy in the law that the administration of estates shall not be delayed to await events that may or may not happen, and is in conformity

to our statutes. 18 Cyc. 419; 14 Ark. 246; *id.* 253; 18 Ark. 337; 112 Wis. 614; 58 L. R. A. 82, 92; Kirby's Dig. § 114; 128 Mass. 277; 63 Ark. 218.

The instrument in question must be construed as a whole, and every part of it and every word must, if possible, be given effect. 9 Cyc. 583, D; *Id.* 583, § 5; *Id.* 579, § 5; 3 Ark. 222, 224-225; *Id.* 252; 23 Ark. 582; *Id.* 58, 65; 44 Ark. 236. That the word "debts" as used in the expression, "funeral expenses and debts, if any," is to be construed to mean only debts in the same class with funeral expenses is negatived by the word "if any" following the word "debts." The rule *noscitur a sociis* is to be resorted to only where there is need for construction. 44 L. R. A. 579; Bigelow on Wills, Students' Series, 184; *Id.* 183; 9 Cyc. 590 J. If two clauses in a contract are conflicting, "that which is specially directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included." 72 Ark. 630, 633. Here the first provision of the note is general "to pay out of my estate after death," and the more particular provision "after my funeral expenses and debts, if any," shows that the claim is contingent; and upon a trial in the proper forum the plaintiff must prove, or the defendant may disprove, that the contingency has happened, by virtue of which the same is made payable. 14 Ark. 389; 16 Ark. 594; 13 Ark. 12. See also 7 Cyc. 578, (b).

KIRBY, J., (after stating the facts.) It is claimed by appellee that the note does not constitute such a demand against the estate of Wiley Jones as the statute requires to be authenticated and exhibited to the administrator within two years after the grant of letters, and that it was such a contingent claim as the probate court had no right or authority to allow against said estate.

The statute divides all demands against the estates of deceased persons into five classes, putting in the fourth "all demands without regard to quality which shall be exhibited, properly authenticated, within one year after the first granting of letters on the estate," and provides: "Fifth, All such demands as may be exhibited as aforesaid after the end of one and within

two years after the first letters granted on the estate; and all demands not exhibited to the executor or administrator as required by this act before the end of two years from the granting of letters shall be forever barred." Section 110, Kirby's Digest.

This court in *Stewart* v. *Thomasson*, 94 Ark. 63, in deciding as to what kind of claims this statute was applicable, after referring to the case of *Walker* v. *Byers*, 14 Ark. 246, said, "The following general rule which has ever since been steadily adhered to by this court was there laid down: 'The claims and demands which the statute contemplates shall be exhibited to the executor or administrator in the manner provided by the statute before the end of two years from the granting of letters, on pain of being forever barred, are all claims capable of being asserted in a court of justice, either law or equity, existing either at the time of the death of the deceased or coming into existence at any time after the death, and before the expiration of the two years, including, of course, all claims or demands running to certain maturity, although not yet payable, to be adjusted presently on equitable principles of discount according to the rate of interest when matured, or to be provided for at the date of maturity without discount, and excluding such claims only as might be inchoate and contingent like that, in the case of *Burton* v. *Lockert*, 90 Ark. 412; and like dormant warranties, broken by eviction after the expiration of the two years,'" See also *Bennett* v. *Dawson*, 18 Ark. 334; *Hill* v. *State*, 23 Ark. 604; *Patterson* v. *McCann*, 39 Ark. 577; *Purcelly* v. *Carter*, 45 Ark. 299; *Morgan* v. *Hamlet*, 113 U. S. 449; *Connelly* v. *Weatherly*, 33 Ark. 658; *Padgett* v. *State*, 45 Ark. 495.

Was this note or instrument a contingent demand, within the meaning of our decisions, or such a one as was required to be presented to the probate court for allowance under said section 110 of Kirby's Digest? The instrument sued upon is a written promise to pay a certain sum of money to a named payee after the death of the maker, and it has the four characteristics required by law of a promissory note, being certain as to the maker, certain as to the payee, certain as to the amount to be paid, and certain as to the time of payment. The fact that it is payable after death, an event which was certain to occur, did

not render it uncertain in that regard, and we hold it is a promissory note, becoming due upon the death of the maker. See *Shaw* v. *Camp,* 160 Ill. 425, 43 N. E. 608; *Maze* v. *Baird,* 89 Mo. App. 348; *Martin* v. *Stone,* 67 N. H. 367, 29 Atl. 845; *Beatty* v. *Western College,* 177 Ill. 280, 42 L. R. A. 797, 52 N. E. 432; *Bristol* v. *Warner,* 19 Conn. 7; *Hatchaway* v. *Roll,* 81 Ind. 567; *Randall* v. *Grant,* 69 N. Y. S. 221, 59 App. Div. 485; *Root* v. *Strang,* 77 Hun 14, 28 N. Y. S. 273, 59 N. Y. S. 258; *Crider* v. *Shelby,* 95 Fed. 212; *Conn* v. *Thornton,* 46 Ala. 587; *Hatch* v. *Gillette,* 40 N. Y. S. 1016, 8 App. Div. 607.

Does the direction "and hereby bind my executor to pay the above sum at once after my funeral expenses and debts if any, are paid, and under no circumstances cause any delay or trouble to her" render the time of payment uncertain, or the claim contingent? We do not think so.

His estate was the only means out of which any of his debts could be paid, and such direction to his executor that it should be paid after his funeral expenses and all other debts were discharged did not have the effect to lessen the obligation of the note nor render uncertain the time of its payment, and at most only showed the intention of the maker to postpone the payment of a binding obligation until other debts were paid.

It is urged, however, that since this direction was to pay after all other debts were discharged it conflicts with the statute which requires all demands against estates to be divided into classes and paid in the order in which they are classed, and when there is not enough money to pay all of the claims of any particular class, that all within that class shall be paid *pro rata,* and renders the note void. We do not agree with this contention.

When claims are duly exhibited against an estate, and the administrator is satisfied they are just, it becomes his duty to allow and classify them as presented, assigning them to the class designated by law; but he is not authorized to give one claim priority over another in its class in violation of the statute, nor one class priority over another, nor does the probate court have such power. If a claim of any prior class, first, second, third, or fourth, be not exhibited until after the end of the first year, it thereby becomes a claim of the fifth and last class, and this

one, having been exhibited after said one year after the grant of letters, should have been placed in the fifth class, to be paid after all the other classes of claims were satisfied and, by its terms payment of it being postponed until all other debts of the estate were paid, put at the foot of its class, to be paid after all other claims of its class were discharged. This same classification and postponement of payment until all other claims of its class were paid could have been made by the administrator or probate court, had it been sooner presented, without violation of the statute of classification and in conformity with the intention of the maker of the note. The other claimants of its class cannot object, since it does not interfere with the payment of their claims nor lessen the amount thereof, and the heirs. and distributees will not be heard to complain because it was a debt to be discharged out of the estate before they were entitled to distribution thereof. If this were not so, we would hold that only the direction of payment after all other debts were paid was in conflict with the statute and void, not affecting the promise to pay, thus leaving the claim one of the fifth class without condition or postponement. The claim was not contingent, and was within the jurisdiction of the probate court to pass upon it and of the circuit court upon appeal, and the judgment will be reversed, and the cause remanded to the circuit court for other proceedings in accordance with law and this opinion.

Justices Wood and Hart dissenting.