SEARCY *v.* CLARK.

4-3892

Opinion delivered June 3, 1935.

*Searcy & Searcy,* for appellant.
*Ned A. Stewart* and *E. A. Upton,* for appellee.

BAKER, J. R. L. Searcy, Jr., was appointed administrator of the estate of Alex Stewart, deceased. There was filed with him a claim for $5,000 upon the following instrument:

"State of Texas,
"County of Tarrant.

"Know all men by these presents: That whereas Louisinda Clark of Bradley, Arkansas, has been in my employ for approximately the past thirty years, during which period she has been a loyal and sufficient employee, and it is my desire to more fully compensate her for the services rendered by her to me in the past and for services to be rendered until my death, I, A. Stewart, hereby promise to pay to the said Louisinda Clark the sum of $5,000 in cash, which amount becomes due and payable upon the date of my death, and I hereby authorize, empower and direct my executor or administrator to pay said sum in cash to the said Louisinda Clark as soon as is possible and practical to do out of the assets of my estate.

"All of the household goods, furniture, fixtures and other personal property in the house in which I am now

living are the property of the said Louisinda Clark, and all cattle on my land in Arkansas, with the right ear grubbed and the left ear underbit, are likewise the property of the said Louisinda Clark, she having paid for the same out of her own money, and I hereby quitclaim and release to the said Louisinda Clark any and all right, title, interest and estate that I might have in and to said household goods, furniture, fixtures, personal property and cattle.

"Witness my hand at Fort Worth, Texas, this the 9th day of January, A. D. 1932.

"A. Stewart.

"Witness: Clayton L. Dow
      "Haunie E. Edwards."

Said instrument was filed for allowance and classification. The probate court, upon presentation of the claim, refused to allow the same, and an appeal was duly prosecuted to the circuit court, and upon trial in that court the claim was allowed and admitted to probate. Motion for new trial was duly filed, overruled, and appeal prayed and granted.

Three questions are presented by this appeal. The first is that the instrument was without a valid consideration. The second is that the instrument was testamentary in its nature and therefore invalid, and the third is that the instrument was in law a fraud upon creditors.

We may discuss the first and second of these together. The instrument is not testamentary in character or form. It has on its face the promise to pay Lucinda Clark $5,000 in cash, the maturity date to be at the death of the maker of the instrument. It was delivered to Lucinda Clark in the early part of the year within which Alex Stewart died, and had been in her possession probably several months prior to his death.

Lucinda Clark was an old woman, who had for forty-five years worked in the home of Alex Stewart. During that time she had acquired some property, probably from her savings or earnings during all of these years of her employment. Proof is ample to show that she had been a very faithful servant and had done all of the duties of keeping the home, and, as one witness expressed it:

"She done a little of everything around there; raised chickens, cattle and geese, turkeys, milked some cows, done washing, cooking, field work. Did general house work."

Alex Stewart, Jr., a second cousin of Alex Stewart, deceased, testified that Lucinda Clark cooked and worked around the place and worked there continuously. He also testified that she owned a good deal of property of her own. She owned cattle and stock. She did everything that came to hand.

The instrument in question recites the fact that Lucinda Clark was the owner of all of the household goods and personal property in the house; that she was the owner also of cattle marked with a particular mark described in the instrument; that she had paid for same out of her money, and a further recital was to the effect that he, the maker, had quitclaimed and released to her any right, title or interest that he might have in the household goods, furniture and fixtures, personal property and cattle.

It is proper to observe at this point that the truthfulness of the recitals of the foregoing statement has not been questioned, nor had the administrator seen fit at the time of the trial of this cause to attempt to take charge of any of the aforesaid personal property under a claim that it was a part of the estate of the deceased. That part of the quoted instrument herein, which is questioned, is a promissory note in form and is legal and enforceable if it be deemed to be supported by consideration.

3 R. C. L. 939 says: "A promissory note executed by a person in favor of his employee, payable at the maker's death, although the sum may not be legally due, will not be deemed as a donation in disguise, if it appears that the note has for its consideration the natural obligation in favor of the employee, arising out of his long services to the maker."

Proof was produced in this case, some of which is quoted above, showing long and faithful service and loyalty of the servant to her master. But the instrument itself not only imports but sets forth a consideration suf-

ficient to justify its legality. It is an acknowledgment on the part of the maker that compensation in the past has not been as full and complete as the services justified, and that assertion of a consideration has not in any manner been disputed. Since the instrument did import a consideration, burden of proving the absence or lack of consideration must be upon the party asserting the failure thereof. This burden has not been met.

We held in *Simon* v. *Pine Bluff Trust Co.*, 99 Ark. 523, 138 S. W. 986, as follows: "A note which stipulates for the payment to a person named of a specified sum after the maker's death is certain as to the maker, payee, amount and time of payment, and it is a promissory note due at the death of the maker."

This court has in many instances upheld instruments of greater solemnity, such as deeds that take effect at the death of the maker or grantor, and we see no reason why greater strictness should be required in the matter of a promissory note, supported by consideration.

It must appear then that this instrument, a promissory note, supported by such consideration, is a valid claim against the estate of Alex Stewart, deceased.

But it is urged that it is fraud against other creditors. Since it is a valid claim, it must be allowed as against the estate of Alex Stewart, deceased, and will take the same rank and standing of other claims of the same class, and will receive from the estate its *pro rata* part in settlement and payment of claims. Being valid, it could not be fraud. The judgment of the circuit court is affirmed.