SIMON PINDAR, *Appellant v.* HUBBARD S. BARLOW, *Appellee.*

*Deposition. Promissory note. Consideration. Intoxicating liquor.*

A justice of the peace, or other authority empowered by law to take a deposition, may adjourn the taking of it to another time at his discretion, even though neither party appear at the time first appointed, provided a reasonable opportunity be given to the parties to be present at the time to which the taking is continued.

The defendant having purchased intoxicating liquor of M., sold by him contrary to the 87th chap. of the Comp. Stat., gave him a due bill for the price of the liquor, payable to the plaintiff or bearer, but without any time of payment being specified therein. M. procured the due bill to be made payable to the plaintiff, because it was his intention to transfer it to him, and within two days after its execution he did deliver it to the plaintiff for a val-

35

Pindar v. Barlow.

uable consideration, the latter not being aware that it was given for liquor. *Held,* that the due bill was a negotiable promissory note, and was payable on demand; that the plaintiff took it before maturity and was entitled to recover its amount of the defendant, notwithstanding the illegality of the consideration.

*Quere,* whether the rule would not be otherwise in regard to a note given for . liquor sold contrary to the provisions of the act of 1852, in regard to the traffic in intoxicating drinks. REDFIELD, Ch. J.

ASSUMPSIT upon the following instrument: "Due Simon Pindar or bearer, thirty-eight dollars and seventy-five cents, for value received.            (Signed)            H. S. BARLOW."
St. Albans, November, 26, 1852.

Plea, the general issue, and trial by the court, at the June Term, 1857,—PECK, J., presiding.

It appeared on trial that the note was executed by the defendant and was given for intoxicating liquor previously sold him by one Meech without any license to sell such liquor; that Meech took the note payable to the plaintiff, because he intended to transfer it to him in payment of a debt he owed the latter, which he did within two days after the date of the note, the plaintiff not being aware that the note was given for intoxicating liquor.

The defendant, upon this evidence, insisted that the note was void in the hands of the plaintiff, but the court held otherwise, and rendered judgment for the plaintiff for the amount of the note, to which the defendant excepted.

The plaintiff, among other evidence, introduced his own deposition, to which the defendant objected, because it appeared that on the day fixed for taking the deposition the magistrate, before whom it was to be taken, was present at the time and place named for taking it in the citation served upon the defendant, and, neither party appearing, adjourned the taking of the deposition to another day, on which it was taken without any further notice to the defendant than the original citation. But the court overruled this objection and admitted the deposition, to which the defendant also excepted,

*George F. Houghton,* for the defendant.

1. The deposition was inadmissible because the adjournment

Pindar *v.* Barlow.

of the time of taking it, in the absence of both parties and without the request of or any notice to both of them, was without authority and illegal. Such a practice, if tolerated, would open the door to all sorts of fraud and deceit; 1. Aik. 264; 4 Vt. 405.

2. As against the plaintiff who is the payee of the note, the illegality or invalidity of the consideration may be insisted upon by the defendant.

The peculiar characteristic of a negotiable note as to the conclusiveness of its consideration, does not operate until the note has passed out of the hands of the payee and into those of one not an original party to the note ; Chitty on Bills 70, 662–3; Parson's Mer. Law 97; Edwards on Bills of Ex. 311, *et seq ;* Story on Promissory Notes 208 ; 1 Am. Lead. Cases 192–3 ; 6 Hill 339.

3. The contract sued on is not in fact a negotiable note, but a mere due-bill, due immediately on its execution. When received by the plaintiff it was overdue, and is therefore subject, even in his hands, to all defences relating to invalidity or illegality of the consideration.

4. The note having been given for intoxicating liquor, in violation of law, is absolutely void whether in the hands of the vendor of the liquor or of third parties; Acts of 1852, p. 28, sec. 21.

*H. E. Seymour,* for the plaintiff.

1. The note is not affected by the provisions of the 21st sec. of the act of 1852, " to prevent traffic in intoxicating drinks," but the sale of liquor was made, and the note in question given, while the 87th chapter of the Compiled Statutes was in force in regard to that subject. Under that statute, though the note might have been successfully defended against the vendor of the liquor, it can not against the plaintiff, who is a *bona fide* holder of it for value and before its maturity.

The fact that the plaintiff is the payee named in the note makes no difference, under the circumstances, with his right to recover the note without regard to the character of the consideration. It

only makes it necessary for him to show in the first instance that he is a *bona fide* holder, and then the same consequences follow as to him, that would, had he been the transferee of the note for value; 1 Stephen's N. P. 770–925; 1 Aik. 64; *Nelson* v. *Cowing*, 6 Hill 37; 1 Smith's Lead. Cases 452.

2. As to the deposition of the plaintiff. The justice, being present at the appointed time and place, might dispose of the matter in any appropriate mode and at any convenient time. This question rested entirely in his discretion.

REDFIELD, Ch. J. I. In regard to the deposition admitted in this case we have found no serious difficulty. There seems to be a necessity, practically, that the justice should possess the power to adjourn the taking of a deposition. Serious inconvenience, and sometimes the entire failure of the proceeding might occur if no such power existed. If it be conceded to exist, it must rest in the discretion of the magistrate to be exercised, as every legal discretion must be, in a reasonable and proper manner. The only limitation, which it now occurs to us it is necessary to annex to its exercise, is, that it shall not be so exercised as to deprive the adverse party of a reasonable opportunity to participate in the taking. Nothing of that kind appears in the present case, but the contrary.

II. In regard to the case upon the merits we have had more difficulty. If the case came under the act of 1852, which in terms provides that no action shall be maintained upon any contract given upon consideration of the sale of intoxicating liquors without license, it would seem difficult, without too much refinement, to hold that this action could be maintained, for it is an action counting upon the contract in its original form. And it is questionable in my mind, how far, under such a statute, it is fair to say that the indorsee or bearer of a note or bill, who takes it while current for value, can sue upon the instrument, without a violation of the prohibitory clause referred to. The Massachusetts courts seem to have sustained such actions, and their statute in this respect is said to be the same as the statute of 1852. That court also decided that the provision in the statute prohibiting all actions

of every kind brought on account of spirituous liquors, only extended to actions brought to recover the price of liquors sold. The courts in Maine held that the same provision in their law extended to all actions brought to recover for liquors kept against law, whether for the price, or for the possession, or the value, when taken tortiously by a stranger. This latter view· is obviously the most reasonable view of the subject.

But the present case is free from this question, this note having been given before the statute of 1852 took effect, and while the statute only imposed a penalty for illegal sales. This will render the contract void in the hands of the original party. The authorities are uniform upon this point.'

But a *bona fide* holder for value of negotiable paper, taken while current, is not affected by such a defence. That this was negotiable paper in the form in which it was taken, being payable to bearer, can not be questioned, and being payable generally, without naming any time, it is the same, we think, as if made payable on demand. It was not then overdue, if taken within two days. The English courts of late have extended the term of the currency of such paper to many months. The case finds too, that the plaintiff took the note *bona fide*, and for a valuable and full consideration.

The only remaining question would seem to be whether the fact that the plaintiff's name is inserted in the note before bearer, shall operate to exclude the defence, which is confessedly admissible, if the note were made payable to bearer only. It would seem upon principle, that it should not have that effect. It is certainly not an effect which business men would be likely to calculate or expect. No case much in point is shown except that of *Nelson* v. *Cowing*, 6 Hill 336. And this does not hold that it makes any difference whether the note is made payable to bearer, or to A. B. or bearer, if the note is *bona fide* negotiated for value to A. B. But in regard to the burden of proof, it intimates there may be some difference. The person named in the note may with more show of reason be presumed cognizant of the consideration than a mere stranger. But when the fact is shown that he did not know, the cases seem to be precisely the same in principle.

The important question is, was the note in the negotiable form so it will pass by delivery merely? And was it in fact negotiated *bona fide* and for value? Both these questions must surely be answered in the affirmative. This, we think, does exclude the defence of illegality, unless it is affected by the express terms of some statutory provision which is not shown in the present case. The judgment of the county court is affirmed.