MARTIN, *Adm'r*, v. STONE, *Ex'r.*

A written promise, expressed as for value received, to pay a person named, or her order, a certain sum, to be allowed at the decease of the signer, with interest at five per cent. annually, is a negotiable promissory note, and is evidence of a consideration therefor.

ASSUMPSIT, by the administrator of Nellie F. (Sanborn) Scribner's estate against the executor of Isaac Sanborn's will, upon an instrument of which the following is a copy: "Salisbury, March 31, 1875. For value received I promise to pay Nellie F. Sanborn, or her order, ten hundred dollars, to be allowed at my decease with interest at five per cent. annually. Isaac Sanborn." It was admitted that Nellie F. was a daughter of Isaac, and was unmarried at the date of the instrument, and lived in his family until her death. The plaintiff put the instrument in evidence and rested, whereupon a nonsuit was ordered subject to the plaintiff's exception.

*Albin & Martin*, for the plaintiff.

*George W. Stone* and *Edwin B. S. Sanborn*, for the defendant.

CHASE, J. The instrument contains an unconditional promise of Isaac Sanborn to pay Nellie F. Sanborn, or her order, ten hundred dollars at his decease, with interest at five per cent. annually. Isaac's death was an event that must occur in the course of nature, and a payment to be made at that time would certainly become due. The phrase "to be allowed" was evidently introduced in view of the fact that payment was not to be made by the signer in his lifetime, but was to be allowed or paid out of his estate after his decease. It could have been omitted without changing the meaning. The instrument, in form and substance, is a negotiable promissory note. Sto. Pr. Notes, s. 27; 1 Dan. Neg. Ins., s. 46; *Alexander* v. *Follet*, 5 N. H. 499; *Franklin* v. *March*, 6 N. H. 364; *Edson* v. *Fuller*, 22 N. H. 183, 189; *Matthews* v. *Crosby*, 56 N. H. 21; *Curtis* v. *Horn*, 58 N. H. 504. The promise purports to be "for value received." These words,

.although usual, are not essential in a promissory note. " The law implies, from the nature of the instrument itself and the relation .of the parties apparent upon it, that it is for value received by the maker from the payee." Sto. Pr. Notes, *s.* 51; 1 Dan. Neg. Ins., *s.* 108; *Horn* v. *Fuller*, 6 N. H. 511; *Coburn* v. *Odell*, 30 N. H. 540; *Green* v. *Bickford*, 60 N. H. 159. The defendant was at liberty to show want of consideration in fact. *Copp* v. *Sawyer*, 6 N. H. 386; *Flint* v. *Pattee*, 33 N. H. 520; *Sanborn* v. *Sanborn*, 65 N. H. 172. If the admitted facts tended to show such want, they were not conclusive, and it was for the triers of the facts to decide the question upon a consideration of all the .evidence laid before them, including that arising from the instrument itself. *Stevenson* v. *Gunning's Estate*, 64 Vt. 601. As there was competent evidence tending to show that the defendant is liable, the nonsuit should be set aside. *Page* v. *Parker*, 43 N. H. 363; *Hovey* v. *Brown*, 59 N. H. 114.

*New trial.*

BLODGETT, J., did not sit: the others concurred.