# Dorsey *v.* Hudmon.

## *Assumpsit.*

(Decided December 5, 1912.  60 South. 303.)

*Bills and Notes; Validity; Certainty.*—A written instrument wherein the maker agrees, for value received, to pay a sum certain in money at his option before his death, and, if not paid before, then to be collected from his estate, is a valid promissory note; it not being void because of uncertainty as to time of payment, the ultimate time being absolutely fixed nor is it invalid as a testamentary instrument, or a promise to make a future gift.

[Dorsey v. Hudmon.]

APPEAL from Lee Law & Equity Court.

Heard before Hon. LUM DUKE.

Action by Annie L. Hudmon against Isham K. Dorsey, as executor of the estate of R. J. Thornton, deceased, upon a promissory note. Judgment for plaintiff and defendant appeals. Affirmed.

BARNES & DENSON, for appellant. Counsel insist that the instrument sued on was either a testamentary instrument or promise to make a future gift which was void, or that it was a promissory note void for uncertainty as to time of payment, but they cite no authority to support their contentions.

N. D. DENSON, for appellee. The instrument was a promissory note.—*Conn v. Thornton*, 46 Ala. 587; 1 Parsons on Bills & Notes, pp. 39 and 40; Story on Promissory Notes, section 27; 42 L. R. A. 797; 55 Am. Rep. 230; 50 Am. St. Rep. 362; 24 Am. St. Rep. 424.

MAYFIELD, J.—Appellee sued appellant on the instrument described below. The complaint contained three counts; the first count describing the instrument sued on according to its legal effect, and the second and third describing it by setting it out in hæc verba. The third count was as follows: "Count 3. The plaintiff claims of the defendant Isham J. Dorsey, as the executor of the last will of R. J. Thornton, deceased, the further sum of $5,000 due by an instrument in writing executed to plaintiff by the said R. J. Thornton, in words and figures as follows, to wit: 'Opelika, Ala., June 6th, 1898. Due Annie L. Hudmon for value received, three thousand nine hundred and eighty-nine 93/100 ($3,989 93/100) payable at my option with eight per cent. per annum interest at any time before

my death and at my death if not paid before to then be collected from my estate. R. J. Thornton. Witness: Irby Meadors, Thornton Hudmon.' The plaintiff avers that the said R. J. Thornton died on the 7th of February, 1910, leaving the said instrument in writing, together with the interest thereon, unpaid. And the said instrument in writing is a legal subsisting claim against the estate of the said decedent, and more than twelve months have elapsed since the defendant qualified as executor of the will of the said decedent, and began the administration of his estate. Wherefore the plaintiff sues. [Signed] N. D. Denson, Attorney for the Plaintiff."

The defendant demurred to the complaint and to each count thereof on the grounds that there was no fixed date of payment of the instrument sued on, that it was not shown that it was payable at the death of the testator, and that it was void for uncertainty. The court overruled the demurrer, and from that judgment the defendant prosecutes this appeal.

The instrument sued on is not void for uncertainty, and shows on its face that it is payable at the death of the maker, if not paid before then at his option. Such provisions do not make promissory notes or duebills void because of uncertainty as to time of payment. The following notes and authorities, taken from 14 L. R. A. 860, and 42 L. R. A. 797, show that the law is settled in both England and America to the effect that provisions in notes, such as that here under consideration, do not render the instruments void: "A voluntary covenant that the obligor's executors shall pay within a certain time after her death a certain sum to the obligee is not void on grounds of public policy."—14 L. R. A. 860. "Making a note payable in a certain number of days after the death of the maker does not ren-

[Dorsey v. Hudmon.]

der it invalid or affect its character.—*Carnwright v. Gray,* 127 N. Y. 92 [27 N. E. 835], 12 L. R. A. 845 [24 St. Rep. 424]." 14 L. R. A. 860. "A contract for conveyance by an executor immediately after the vendor's death, at an agreed price then to be paid, is valid and is not affected by the vendor's subsequent will.—*Meck's Appeal,* 97 Pa. 313." 14 L. R. A. 860. "A valid agreement may be made to pay the balance of the purchase price of land at the death of the purchaser.—*Parker v. Coburn,* 10 Allen [Mass.] 82." 14 L. R. A. 860. "A gift by a written instrument saying that it is to be paid as soon as my financial condition will allow and if I do not live to pay it, I wish it paid out of my estate," is a mere promise to make a gift and will not sustain an action.—*Johnston v. Griest,* 85 Ind. 503." 14 L. R. A. 860. "The surrender of a note by the payee to the father of the deceased maker, whose estate was insolvent and fully setled, is a sufficient consideration for an agreement by the father to pay the amount thereof out of his own estate at his death.—*Judy v. Louderman* [48 Ohio St. 562, 29 N. E. 181], Nov. 17, 1891." 14 L. R. A. 860. "The fact that a note is to become due in the event of the death of the maker before the date of its maturity does not invalidate it."—42 L. R. A. 797. "Contracts payable upon the death of the maker or at some certain period after that are not testamentary so as to be within the requirements of the statute of wills."—42 L. R. A. 797.

In the case of *In re Beatty's Estate v. Western College,* 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 69 Am. St. Rep. 242, the court reviews and cites the authorities on the subject. It is there said: "A note payable 'on demand after my decease' has been held to be valid.— *Bristol v. Warner,* 19 Conn. 7. A note payable 'one day after date or at my death' has been held valid.—

*Conn v. Thornton,* 46 Ala. 587; 1 Randolph, Com. Paper, § 113. The mere fact that a note is payable upon the death of the maker, or at a certain day after the death of the maker, does not make it a testamentary paper, nor constitute it a will in such sense as to require its execution in accordance with the statute of wills. It is an obligation to pay, and, being delivered to the payee as an evidence of debt, and being made payable to order, it is a promissory note.—*Bristol v. Warner,* 19 Conn. 7. In *Price v. Jones,* 105 Ind. 543 [5 N. E. 683], 55 Am. Rep. 230, it was insisted that a note payable one day after the death of the maker was invalid as being an attempt to make a testamentary disposition of property. The court there said : "There is no attempt to make a testamentary disposition of property, for the instrument contains no provisions resembling those of a will. It is a promise to pay money. It differs from an ordinary promise in the single particular that it fixes the time of payment at a period subsequent to the promisor's death. It is nevertheless a promise to pay money, absolutely and at all events, to a person named, and it has therefore all the essential features of a promissory note.' See, also, *Carnwright v. Gray,* 127 N. Y. 92 [27 N. E. 835], 12 L. R. A. 845 [24 Am. St. Rep. 424]." 42 L. R. A. 802.

While it is not at all necessary, the instrument in this case recites upon its face that it is made upon a valuable consideration, and it is not therefore a promise to make a gift or within that class of instruments held to be void. There is no merit in the ground of demurrer that too much is claimed in the second and third counts of the complaint. It is not intended, nor is it possible, to recover more than is due under the instrument.

Affirmed. All the Justices concur.