C. E. LAWRENCE, Administrator, Appellee, v. T. W. SCURRY, Administrator, Appellant.

IN RE ESTATE OF MARY KEEGAN.

CONTRACTS:   Delivery—Surrender to Third Person.   The complete
1   surrender of an instrument by the maker thereof to a third person may be sufficient, in the absence of contrary evidence, to create the presumption that such surrender was intended as a *delivery*, for the use and benefit of the beneficiary named in the instrument.

CONTRACTS:   Consideration—Presumption.   Written obligations
2   carry a presumption of consideration, until the party hostile thereto shows the contrary.

WILLS:   Order Payable at Death.   A writing which directs the
3   maker's executor to pay a named sum to a named person at the death of the maker, executed at the time the maker executed his will, is held not to be testamentary in character.

TRIAL:   Objections—Correct Ruling on Inapplicable Objection.   The
4   exclusion of wholly immaterial evidence on an inapplicable objection constitutes no ground for reversal.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

DECEMBER 12, 1919.

DEFENDANT, as administrator, with will annexed, of the estate of Mary Keegan, appeals from the judgment of the court allowing a claim of $300 against the estate.—*Affirmed.*

*Aymer D. Davis* and *Herbert A. Huff,* for appellant.

*Peisen & Soper,* for appellee.

STEVENS, J.—Mary Keegan and Arthur Magee, who were cousins, lived together in Union, Iowa, for many years. The former, on December 9, 1916, executed a will, bequeathing all of her property, real and personal, to Oscar Ammerman, in trust for the use and benefit of Arthur Magee, with the provision that, if he at any time ceased to occupy the homestead therein described, then same was to be leased, and the rental derived therefrom paid to him quarterly; the remainder to Rosa Ammerman, a niece of testator's, and the wife of Oscar Ammerman. At the same time, she executed an instrument which is treated by both parties in argument as a promissory note for $300, payable to Arthur Magee at her death. C. E. Lawrence is administrator of the estate of Arthur Magee, and T. W. Scurry is administrator, with will annexed, of the estate of Mary Keegan. The former was appointed April 17th, and the latter, January 24, 1918.

A claim, based upon the instrument above referred to, was duly filed against the estate of Mary Keegan, and, upon trial to the court, was allowed. The particular defenses pleaded, in addition to the statutory denials, were: (1) That the instrument was neither signed nor delivered by Mary Keegan; (2) that same is without consideration; and (3) that it is testamentary in character, and invalid, because not witnessed and executed in accordance with the laws of Iowa relative to the execution of wills. Oscar Ammerman was the only witness examined on behalf of plaintiff. The only testimony relied upon by appellant to sustain his defenses to the instrument is that elicited from Ammerman upon cross-examination.

I. The evidence is undisputed that the instrument prepared at the request of Mary Keegan was signed by her. At the time she requested him to prepare the note, she said

to Mr. Lawrence, "Charles, I want to pro-
vide something for Arthur to live on after
I die." After the instrument was signed, it
was turned over to Lawrence; but the rec-
ord does not disclose that a manual delivery thereof was
ever made to Magee, nor where it was thereafter kept, un-
til it was filed as a claim against the estate of Mary Kee-
gan. As stated, the instrument was prepared at the re-
quest of the maker, who must have intended to create a
valid and binding obligation against her estate. Delivery
is largely a matter of intention. Lawrence was named as
executor of her will, and she obviously intended that the
delivery of the instrument to him should operate as a de-
livery thereof for the use and benefit of Magee. By this
act, she surrendered control over the same to a third per-
son, and, in the absence of some evidence to the contrary,
we must infer that she intended thereby to give effect and
validity to the instrument, as an obligation to pay to Magee
the amount named. *In re Estate of Rule,* 178 Iowa 184.

**1. CONTRACTS: delivery: surrender to third person.**

II. The consideration for the instrument is not shown,
unless it may be inferred from the fact that Magee, at the
time and prior to the execution thereof, assisted in taking
care of the maker, who had been in ill health
for a considerable period of time. Being in
writing, however, the instrument imported
a consideration; and, unless the remark of
Mary Keegan to Lawrence, at the time it was executed, be
interpreted as the expression of a desire or purpose to exe-
cute a gift of $300 to Magee at her death, instead of a note,
there is nothing in the record tending to show a want of
consideration. The record obviously does not disclose all
that was said and done at the time the transaction was had,
and it is difficult to definitely determine to what the remark
of Mrs. Keegan referred; but we think it was, doubtless, to
the maturity of the instrument. This is consistent with

**2. CONTRACTS: consideration: presumption.**

the rest of the transaction. If she had desired to make him a gift of $300, there is no reason why such provision should not have been incorporated in the will. This would have been the usual and ordinary method of making a gift, under the circumstances. By the execution of the instrument, which is, in substance and to all intents and purposes, a promissory note, she acknowledged an obligation to Magee to that extent, and made it payable at her death, so that he would have the proceeds immediately available, to defray his living expenses. The evidence is insufficient upon this point to overcome the prima-facie case made by plaintiff.

III. In our opinion, the instrument is in no sense testamentary in character, notwithstanding the fact that it does not contain a specific promise to pay. It is, in form, an order upon the executor to pay the amount at the death of the maker. In all other respects, it is in the usual and ordinary form of a promissory note, and is treated as such by the parties, except for the contention of counsel for appellant that it is testamentary in character. It is not, in our judgment, a promise, without a consideration, to make a gift, nor was it, in any sense, intended as a devise. Its execution was contemporaneous with the will, and this circumstance alone is strongly corroborative of the claim of appellee that it was intended as a promissory note, based upon a valid consideration.

3. WILLS: order payable at death.

IV. We come now to consider the complaint of counsel for appellant to the rulings of the court upon objections to questions propounded to the witness Ammerman, upon cross-examination. The witness was asked, "Did Mrs. Keegan, at the time the will was executed, see the attorney who prepared it?" An objection that the testimony was incompetent was sustained. The

4. TRIAL: objections: correct ruling on inapplicable objection.

particular contention of counsel at this point is that the objection that the testimony was incompetent was not well taken. Whether incompetent or not, we are unable to perceive how the answer of the witness could have been material to any issue tendered, and we will not reverse because the court excluded immaterial testimony upon an objection based solely upon another ground.

V. ˙ The witness Ammerman took the will with him to Mary Keegan for execution, and was asked the question, "Where did you get the will?" The objection to this question was that it was not cross-examination, and in no way binding upon Arthur Magee or his administrator. Counsel assert that, as the transaction at the time the instrument in suit was executed was gone into in chief by plaintiff's attorney, who also elicited from the witness that the will was taken to Mrs. Keegan for execution by him, they were entitled to cross-examine as to the entire transaction. So far as the record discloses, this transaction was in no sense material, and the answer of the witness could have thrown no light upon the issues tendered by defendant's answer. It made no difference where the witness obtained the will. No claim is made that its execution was the result of undue influence, or that it was not legally executed.

Other alleged errors in the exclusion of evidence upon cross-examination are argued by counsel, but we do not deem them of sufficient merit to give separate or special consideration thereto. The issues before the court were simple, and related only to the validity of the note and the liability of the estate of Mary Keegan for the payment thereof. The case is not entirely free from doubt, but it was, by agreement, tried to the court, and we cannot say that its conclusion is without support in the evidence.—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.