ANGUS MCPHERSON *v.* ARCHIE B. DOW, ADMR.

(96 A2d 649)

January Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed February 3, 1953.

*Emerson & Knapp* for the plaintiff.

*Witters, Longmoore & Akley* for the defendant.

JEFFORDS, J.   This is a bill in chancery asking for an injunction against the defendant as administrator of the estate of Philo Lang prohibiting him from filing his final account and for an order that there be deleted from the inventory of the estate the sum of $5,-000.00 and that this sum be paid to the plaintiff.  The basis for the prayed for relief is that a check for this amount was given by the plaintiff to Lang for the express purpose of purchasing cows by the latter for the former and that Lang was acting as agent for the plaintiff in the transaction so that the deposit by Lang of the check in the bank before his death was in violation of the agency agree-

ment and was wrongful and unlawful. It is averred that the estate of Lang has been unjustly enriched thereby and the relief prayed for is asked. For the background for the bringing of this bill see *Caledonia Nat. Bank* v. *McPherson,* 116 Vt 328, 75 A2d 685.

After a hearing and a finding of facts a decree was entered for the defendant. The case is here on exceptions of the plaintiff.

The first exception briefed is to the exclusion of evidence. A witness, Allen, called by the plaintiff, was asked on direct examination whether he remembered that when the plaintiff came to see him he (plaintiff) had made a certain statement. The answer was "no." Later in the case the plaintiff was asked on direct examination whether he remembered the question and answer of the previous witness. This question was objected to and was excluded, as framed. The ground of the offer, as stated in support of the question, was, in effect, that the answer of the previous witness was adverse to the plaintiff and, therefore, he had the right under V. S. 47, § 1737, to meet or explain it. The answer to this claim is that Allen was not a witness produced *against* the plaintiff but was a witness produced *by* the plaintiff. Thus the clause of the statute invoked did not apply. *De Nottbeck* v. *Chapman,* 93 Vt 378,381, 108 A 338.

The plaintiff in his briefs advances other claimed grounds of error in respect to the ruling of the trial court. Having specified the ground of his offer, the plaintiff is bound thereby, even under V. S. 47, § 1628 (II). It may be noted that none of these additional grounds appear to us to be valid.

The plaintiff excepted to finding No. 19 which reads as follows: "While the plaintiff's view and position in the case was that Mr. Lang was merely acting as agent for the plaintiff and held the check of $5,000.00, or the proceeds thereof, given by the plaintiff to Mr. Lang for the purpose of purchasing cows by Mr. Lang for the plaintiff, no sufficient or competent evidence was introduced or received from which it can be found that any agency existed between the plaintiff and Mr. Lang nor that Mr. Lang held said $5,000.00 in trust for the plaintiff and, on the contrary, it is found that said check of $5,000.00, given by the plaintiff to Mr. Lang, was merely by way of advance payment on account for such cows as plaintiff planned to purchase of Mr. Lang."

The grounds of the exception were, in substance, that this finding is not in accordance with, nor supported by, the evidence or the

facts and is contrary to the facts, all as shown by finding No. 15. This latter finding is the recital of a contingent claim filed by the plaintiff with the commissioners of Lang's estate for the recovery of the amount of the $5,000.00 check in the event that the plaintiff was obliged to make it good as a result of the decision in the case heretofore referred to. This claim was introduced by the defendant as his exhibit A. Although the purpose of its introduction was not stated, it is apparent that it was to support his claim of election of remedies set forth in his answer in the present case.

The facts set forth in the contingent claim which are relied upon by the plaintiff cannot properly be availed of by him in support of his claim of error in respect to finding 19. They were not found by the chancellor to be facts in the pending case as he merely found that the plaintiff filed such a claim.

██ In support of this claim of error the plaintiff refers us to certain testimony which he says substantiates the relation of principal and agent. Some of this testimony may have a tendency in that respect. However, it was incumbent on the plaintiff to procure a favorable finding on this question. The burden of proof on this issue was on him. *Crowley* v. *Goodrich,* 114 Vt 304, 311, 44 A2d 128, 162 ALR 691; *Belville* v. *Belville,* 114 Vt 404, 408, 45 A2d 571; *Manchester* v. *Townshend,* 110 Vt 136, 145, 2 A2d 207. It is apparent that the chancellor found that the plaintiff had failed to sustain his burden. There was evidence in the case, and inferences to be drawn therefrom, tending to show such a relationship and other evidence and inferences therefrom tending to show lack of the same. The weight to be given to the testimony was for the chancellor. *McClary* v. *Hubbard,* 97 Vt 222, 242, 122 A 469. We cannot say as a matter of law that his finding was erroneous.

The last part of finding 19 to the effect that the check was merely by way of advance payment, etc. need not be considered. The finding of the failure on the part of the plaintiff to sustain his burden of proof was all that was necessary to sustain the decree for the defendant. Any finding beyond that may be treated as mere surplusage.

██ The plaintiff requested several findings which were refused. It is stated in the bill of exceptions that an exception was granted to the refusal. However, no ground or grounds are stated for the exception nor any reason given why any of the findings should have been made. Consequently this exception is too general to be available. *Butler* v. *Milton Coop. Dairy Co.,* 112 Vt 517, 519, 28 A2d

395; *White* v. *Hight,* 112 Vt 420, 422, 26 A2d 86; *Little* v. *Loud,* 112 Vt 299, 302, 23 A2d 628.

 The exception to the decree raises the one question as to whether it is warranted by the pleadings and supported by the findings. *Vt Motor Co.* v. *Monk,* 116 Vt 309, 311, 75 A2d 671. The plaintiff advances no pertinent reasons why it is not so warranted and supported beyond his claim as to the effect of finding 15 heretofore disposed of. In support of this claim of error the plaintiff refers to certain evidence. Since there is no available exception to the findings we will not look back of them to ascertain whether the evidence supports the decree. *Little* v. *Loud, supra.*

Both parties discuss in their briefs the question of election of remedies on the part of the plaintiff. In view of our holdings above it is not necessary to determine this question.

*Decree affirmed.*